UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                            )
Adam Nour, and Iman Khudari,                )
    Plaintiffs,                             )    COMPLAINT
                                            )    AND
v.                                          )    DEMAND FOR JURY
                                            )
Deerhaven Preserve Condominiums Association, Inc., )
and Great North Property Management, Inc.,  )
    Defendants.                             )
_____)

DOCKET NO._____

**COMPLAINT**

NOW COME the Plaintiffs, Adam Nour and Iman Khudari, by and through their attorneys, Law Office of Manning & Zimmerman, PLLC, and set forth this Complaint, bringing the following causes of action against Defendants, Deerhaven Preserve Condominiums Association, Inc. and Great North Property Management, Inc., both jointly and severally, and request a trial by jury.

**REQUEST FOR JURY TRIAL**

1. Plaintiffs request a jury trial on all issues.

**PARTIES**

2. Plaintiff Adam Nour (hereinafter known as "Plaintiff"), resides at 285 Plantation Street, Apartment 902 in Worcester, Massachusetts.

3. Plaintiff Iman Khudari (hereinafter known as "Consortium Plaintiff"), is the wife of Plaintiff and resides at 285 Plantation Street, Apartment 902 in Worcester, Massachusetts.

4. Defendant Deerhaven Preserve Condominiums Association, Inc. (hereinafter known as "Deerhaven"), is a New Hampshire non-profit corporation with its principal office address in care of Great North Property Management, Inc., 3 Holland Way, Suite 201, Exeter, State of New Hampshire 03833. Deerhaven Preserve Condominiums Association may be served by delivery of service of process upon its president, Patricia Simpson, at 670 N. Commercial Street, Manchester, NH 03101, or wherever she may be found. At all times relevant, Deerhaven Preserve Condominiums was the owner and responsible for the management, maintenance and care of the common areas and all related condominium facilities and improvements in the condominium community known as Deerhaven Preserve Condominiums.

5. Defendant Great North Property Management, Inc., (hereinafter known as "Great North"), is a corporation with its principal office at 3 Holland Way, Suite 201, Exeter, State of New Hampshire 03833. It may be served by delivery of service of process upon its registered agent, John K. Bosen, Esq., at 266 Middle Street, Portsmouth, NH 03801, or wherever he may be found. Upon information and belief, at all times relevant, Great North Property Management was contracted to provide management services for Deerhaven and for the benefit of those that reside at the Deerhaven Preserve Condominiums.

## JURISDICTION AND VENUE

6. Venue is proper in the Federal District Court, District of New Hampshire pursuant to 28 U.S.C. §1391(b), as the events giving rise to this claim occurred in New Hampshire.

7. Jurisdiction is proper in the Federal District Court, District of New Hampshire pursuant to 28 U.S.C. §1332, due to the diversity of the parties. Specifically, Plaintiffs are residents of the State of Massachusetts, Defendant Deerhaven Preserve Condominiums

Association, Inc. is a domestic non-profit corporation with a principal place of business in the State of New Hampshire, and Great North Property Management, Inc. is a domestic corporation with a principal place of business in the State of New Hampshire.

8. Additionally, the damages claimed exceed $75,000 and, accordingly, are within the jurisdictional limit of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

9. On or about June 7, 2014, at approximately 1:19 a.m., Plaintiff was returning home when he entered the Deerhaven Preserve Condominiums' parking lot located on the right immediately after turning unto Eastern Avenue, off of Karatzas Avenue, Manchester, New Hampshire (hereinafter "Eastern Avenue Parking Lot").

10. As he pulled into a parking space, Plaintiff's vehicle rolled forward and towards an unguarded embankment.

11. Due to the steep grade and a lack of a guardrail, or other adequate barriers, Plaintiff was unable to stop the vehicle before it plunged off the unguarded embankment.

12. As a result of the resulting crash, Plaintiff sustained severe personal injuries, including thoracic and lumbar fractures that required surgical intervention and resulted in urinary incontinence. More specifically, these injuries included, but are not limited to, a T12-L1 spinal fracture that required hardware placement, fusion of the T11-L3 fracture, compression fracture of L4, and herniations at the L5-S1 level that required injections.

13. As a result of the injuries suffered by her husband, Adam Nour, Consortium Plaintiff, Iman Khudari, has suffered the loss of society, services and sexual relations with her husband.

## COUNT I
## NEGLIGENCE-DEERHAVEN PRESERVE CONDOMINIUMS

14. Plaintiffs restate the allegations stated in Paragraphs 1 through 13 as if fully stated herein.

15. It was the legal duty of Defendant, Deerhaven, to maintain the condominium property in a safe manner free of unreasonably dangerous conditions and defects, to review the safety of the property in anticipation of dangerous scenarios, to take appropriate action for the safeguarding of owners, tenants and guests to the property, and to exercise its duty in overseeing the maintenance and upkeep of the property. This included a duty to place a guardrail or other adequate barrier between the edge of the Eastern Avenue Parking Lot and the embankment in question.

16. Defendant Deerhaven breached its legal duty by failing to maintain their property in a safe manner free of unreasonably dangerous conditions and defects, to review the safety of the property in anticipation of dangerous scenarios, to take appropriate action for the safeguarding of owners, tenants and guests to the property, and/or to exercise its duty in overseeing the maintenance and upkeep of the property, including its failure to place a guardrail or other adequate barrier between the edge of the Eastern Avenue Parking Lot and the embankment in question.

17. As a direct, proximate, and foreseeable result of Deerhaven's negligence as stated in the preceding paragraphs, Plaintiff was caused to sustain injuries, suffer physical pain, emotional distress, loss of enjoyment of life, and incurring medical expenses for his debilitating and life-altering injuries: past, present, and future.

18. Whereby Consortium Plaintiff has suffered damages including lost wages and the loss of care comfort and support of her husband.

19. Plaintiffs are entitled to lost wages, loss of earning capacity, lost benefits, compensatory damages including emotional distress, inconvenience, scarring, loss of enjoyment of life and future pecuniary losses, and interest, all within the jurisdictional limits of this Court.

## COUNT II
## NEGLIGENCE-GREAT NORTH PROPERTY MANAGEMENT

20. Plaintiffs restate the allegations stated in Paragraphs 1 through 19 as if fully stated herein.

21. It was the legal duty of Defendant, Great North, to maintain the condominium property in a safe manner free of unreasonably dangerous conditions and defects, to review the safety of the property in anticipation of dangerous scenarios, to take appropriate action for the safeguarding of owners, tenants and guests to the property, and to exercise its duty in overseeing the maintenance and upkeep of the property. This included a duty to place a guardrail or other adequate barrier between the edge of the Eastern Avenue Parking Lot and the embankment in question.

22. Defendant Great North breached its legal duty by failing to maintain their property in a safe manner free of unreasonably dangerous conditions and defects, to review the safety of the property in anticipation of dangerous scenarios, to take appropriate action for the safeguarding of owners, tenants and guests to the property, and/or to exercise its duty in overseeing the maintenance and upkeep of the property, including its failure to place a guardrail or other adequate barrier between the edge of the Eastern Avenue Parking Lot and the embankment in question.

23. As a direct, proximate, and foreseeable result of Great North's negligence as stated in the preceding paragraphs, Plaintiff was caused to sustain injuries, suffer physical pain, emotional distress, loss of enjoyment of life, and incurring medical expenses for his debilitating and life-altering injuries: past, present, and future.

24. Whereby Consortium Plaintiff has suffered damages including lost wages and the loss of care comfort and support of her husband.

25. Plaintiffs are entitled to lost wages, loss of earning capacity, lost benefits, compensatory damages including emotional distress, inconvenience, scarring, loss of enjoyment of life and future pecuniary losses, and interest, all within the jurisdictional limits of this Court.

WHEREFORE, Plaintiffs pray judgment against Defendants, Deerhaven Preserve Condominiums Association, Inc. and Great North Property Management, Inc., for the above-described harms and losses, in an amount that is to be determined by a jury, together with costs and interest.

Respectfully Submitted,
ADAM NOUR and IMAN KHUDARI

By and through their attorneys,
Law Office of Manning & Zimmerman, PLLC

Dated: November 1, 2016

By: /s/ Anna Goulet Zimmerman
Anna Goulet Zimmerman
NH Bar ID#: 18407
Law Office of Manning & Zimmerman, PLLC
87 Middle Street
Manchester, NH 03101
(603) 624-7200
Anna@ManningZimmermanLaw.com